UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | No. 1:18-cr-84 |
| v. | ) | Judge Mattice |
| | ) | Magistrate Judge Steger |
| STEWART MITCHELL | ) | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and the defendant, Stewart Mitchell, and the defendant's attorney, John Allen Brooks, have agreed upon the following:

1. The defendant will plead guilty to the following count in the Indictment:

    (a) **Count One:** Conspiracy to distribute a mixture and substance containing a 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846.

    The punishment for this offense is as follows: The defendant faces a mandatory minimum sentence of 5 years' imprisonment and a maximum sentence of 40 years' imprisonment, a fine of up to $5,000,000, supervised release for a period of at least 4 years, and a $100 special assessment.

    The United States agrees that it will not seek to enhance the defendant's sentence on the basis of a prior drug felony pursuant to 21 U.S.C. § 851.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining count (Count III) against the defendant in this Indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. Specifically, the elements of the offense(s) are as follows:

**Count One:**

a. Two or more persons conspired to distribute methamphetamine;

b. The defendant knowingly and voluntarily joined the conspiracy; and

c. The conspiracy involved 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

(a) On October 30, 2017, a confidential informant ("CI") of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") contacted the defendant to arrange a controlled purchase of methamphetamine. The defendant assented to the purchase, and the CI traveled to the defendant's house.

(b) The CI – equipped with recording devices provided by ATF – and the defendant drove to a gas station in Chattanooga, Tennessee, to consummate the drug transaction. After waiting at the gas station, a third party arrived and delivered approximately two ounces of ice methamphetamine to the defendant and the CI. The defendant kept half, and the CI kept half of the delivered methamphetamine. The parties agree that the United States could submit proof sufficient to establish that, for purposes of U.S.S.G. § 2D1.1(b)(1), the defendant possessed a firearm in connection with this offense.

2

(c) Shortly after the drug transaction, the defendant was arrested for unrelated conduct. While he was awaiting disposition of the attendant charges, ATF Special Agent Jared Newman interviewed the defendant. Post-*Miranda*, the defendant admitted that, for approximately one year, he had been selling drugs to a co-defendant in this action.

(d) The defendant and the United States agree that the United States could submit proof sufficient to establish that the defendant is responsible for conspiring to distribute between 500 grams and 1.5 kilograms of a mixture and substance containing methamphetamine.

(e) The defendant admits that, as charged in the Indictment, he conspired with others to distribute methamphetamine in and around the Eastern District of Tennessee.

5. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    (a) the right to plead not guilty;

    (b) the right to a speedy and public trial by jury;

    (c) the right to assistance of counsel at trial;

    (d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    (e) the right to confront and cross-examine witnesses against the defendant;

    (f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    (g) the right not to testify and to have that choice not used against the defendant.

6. **Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the defendant and the United States agree that a total sentence of 130 months' imprisonment, followed by a lawful term of supervised release is the appropriate disposition of this case.**

**The defendant and the United States further agree that the Court may impose any lawful fines and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.**

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

(a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs.

The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

(b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

(c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

9. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following: The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

10. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any

5

court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

11. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

12. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

[SIGNATURES ON FOLLOWING PAGE]

6

<pre>
                                    J. DOUGLAS OVERBEY
                                    UNITED STATES ATTORNEY


28 SEP 2018                    By: _____
_____                         Kyle J. Wilson
Date                                Assistant United States Attorney



9/28/2018                          _____
_____                         Stewart Mitchell
Date                                Defendant



9/28/18                            _____
_____                         John Allen Brooks
Date                                Attorney for the Defendant
</pre>

7